UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>)<br>GLENN DOUGLAS WELCH, )<br>)<br>  Defendant. )<br>) | Crim. No. 5:15-cr-00102-GFVT<br><br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Glenn Welch's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), as well as his request for appointment of counsel. [R. 269; R. 271; R. 275.] For the reasons that follow, Mr. Welch's Motions are **DENIED**.

**I**

Following his guilty plea, Mr. Welch was convicted of conspiracy to distribute oxycodone, for which he was sentenced to 188 months of imprisonment to be followed by six years of supervised release. [R. 174.] He now moves for compassionate release, arguing that he is in declining health and presents a low risk of re-offending. [R. 271; R. 275.] He has also moved for appointment of counsel to help him with his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [R. 269; R. 271.]

**II**
**A**

Mr. Welch has filed several motions for appointment of counsel to assist with his requests for compassionate release. [R. 269; R. 271.] The Sixth Circuit has held that there is "no

constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).  The court does not find appointment of counsel necessary at this juncture.

**B**

Next, the Court addresses the exhaustion requirement.  *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).  The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas previously only the Bureau of Prisons could do so.  Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194.  But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Mr. Welch exhausted his administrative remedies.  [R. 272 at 2.]  Mr. Welch submitted a request for compassionate release to the Warden at the Federal Correctional Institution Loretto on February 2, 2024.  [R. 271 at 3.]  The Warden denied his request on April 10, 2024.  *Id.* at 2.  Mr. Welch's Motion for Compassionate Release was filed on April 26, 2024.  [R. 271.]  The matter having been fully briefed is now ripe for review.

**C**

**1**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory."  *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).  At the Court's

discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. *Id*. at 1107-08.

Mr. Welch contends that he is entitled to relief on account of various ongoing and debilitating health problems. [R. 271; R. 275.] Mr. Welch's medical records indicate he suffers from constipation, osteoarthritis, lower extremity edema, obesity, hyperlipidemia, opioid use disorder, bilateral plantar fasciitis, and hypertension. [R. 274.] While the Court is sympathetic to Mr. Welch's health difficulties, these do not rise to the level of "extraordinary and compelling" reasons to provide him the relief he seeks. Mr. Welch is not currently suffering from any terminal illnesses, and the conditions he is suffering from are being adequately addressed by BOP through pain medication, orthotics, and other ameliorative measures. *Id*. Furthermore, Mr. Welch does not suggest that he is currently unable to accomplish self-care while incarcerated. Taken together Mr. Welch's health conditions are not an "extraordinary and compelling" reason under § 3582(c)(1)(A).

Mr. Welsh also contends that his rehabilitation and age, combined with his health problems, come together to provide "extraordinary and compelling" reasons for his early release. These arguments find little purchase. The Sixth Circuit has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *United States v. Ruffin*, 978, F. 3d 1000, 1004, (6th Cir. 2020). The Sixth Circuit has also emphasized that aggregating insufficient grounds for release "does not collectively 'entitle a defendant to a sentence reduction.'" *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) (quoting *United*

*States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021)). Welch's age is not grounds for relief. 18 U.S.C. § 3582(c)(1)(A) allows for sentence modification if "extraordinary and compelling reasons warrant such a reduction" *or* "the defendant is at least 70 years of age [and] has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  Welch is 65 years old, and he has not served at least 30 years in prison.  Looking to the sentencing guidelines, USSG §1B1.13(2) does provide that the defendant's age may be considered extraordinary and compelling circumstances if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  However, Mr. Welch only meets the first of these three conditions.  [R. 278.]

**2**

Even if Mr. Welch could demonstrate that there were extraordinary and compelling for his release – which he has not – he would also need to show that the 18 U.S.C. § 3553(a) sentencing factors support his release.  *Jones*, 980 F.3d at 1106. They do not. Welch was convicted of a serious drug related offense. [R. 174.]  At his sentencing, Welch was classified as a career offender, subject to harsher penalties, and his history highlights his chronic substance abuse issues. *Id*.  In his Motion Welch indicates that he is part of drug abuse addiction program. [R. 275].  While commendable, Mr. Welch has also received multiple disciplinary infractions related to drugs and alcohol while incarcerated, even as recently as late 2023.  [R. 272-1.]  Mr. Welch's ongoing difficulties with drugs and alcohol while incarcerated do not yet suggest rehabilitation and the § 3553(a) factors do not point toward an early release.

4

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Welch's Motion for Compassionate Release and Appointment of Counsel **[R. 271]** is **DENIED**;

2. Mr. Welch's Supplemental Motion for Compassionate Release **[R. 275]** is **DENIED**;

3. Mr. Welch's Motion for Referral **[R. 269]** is **DENIED**;

4. The Government's Motion to Seal **[R. 273]** is **GRANTED**; and

5. The Government's Motion to Seal **[R. 277]** is **GRANTED.**

This the 3rd day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge